UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS - CENTRAL DIVISION

JOSEPH M. LOSAPIO,              )
        PLAINTIFF               )
                                )
VS.                             )     CIVIL ACTION NO.
                                )
METROPOLITAN LIFE               )     04- 40156 FDS
INSURANCE COMPANY,              )
        DEFENDANT               )

**PLAINTIFF JOSEPH M. LOSAPIO'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO CONSOLIDATE
PURSUANT TO F.R.C.P. 42 AND L.R. 40,1(i)**

Plaintiff Joseph M. Losapio hereby opposes the
Defendant's Motion to Consolidate this action with the case of
Joseph M. Losapio v. The Lincoln National Life Insurance
Company, Docket No. 0469CV0193 which is pending in the East
Brookfield District Court, County of Worcester, Massachusetts.

**FACTS**

On October 22, 1985, the Lincoln National Life Insurance
Company (hereinafter referred to as "Lincoln Life") issued a
policy for disability benefits to plaintiff Joseph M. Losapio
(hereinafter referred to as "plaintiff" or "Mr. Losapio"),
whereby Lincoln Life agreed to pay initial monthly benefits up
to $2,000.00 to the plaintiff in the event he became disabled.
(Plaintiff's Complaint, Paragraph 3). On March 23, 1995, the
plaintiff was injured in a motor vehicle accident, which
resulted in injuries which caused a partial disability.
(Plaintiff's Complaint, Paragraph 5). Thereafter, Mr.
Losapio, who is an attorney, made a claim with Lincoln Life
for residual disability benefits, which were paid by Lincoln

Life from 1995 through July of 2003.  (Plaintiff's Complaint, Paragraphs 6, 8 and 12).  In August of 2003, Metropolitan Life Insurance Company (hereinafter referred to as "MetLife"), who had assumed administration of the Policy in 1999, alleged that Mr. Losapio no longer met the definition for residual disability benefits under the terms and provisions of the Policy and discontinued payments of residual disability benefits.  (Plaintiff's Complaint, Paragraphs 10, 12 and 13).

On or about June 24, 2004, Mr. Losapio filed a Complaint against Lincoln Life in the District Court Department, East Brookfield Division, Worcester County, Massachusetts, Civil Action No. 0469CV0193 (hereinafter referred to as the "Lincoln Life Complaint").  The Lincoln Life Complaint was a simple breach of contract action to recover residual disability payments owed to Mr. Losapio by Lincoln Life for the period from August 1, 2003 to January 31, 2004.  Exhibit "B" of Defendant's Memorandum.

On or about July 14, 2004, Mr. Losapio filed this Complaint (hereinafter referred to as the "MetLife Complaint") in the District Court Department, East Brookfield Division, Worcester County, Massachusetts, Civil Action No. 0469CV0226. In the MetLife Complaint, Mr. Losapio claimed that MetLife had committed numerous unfair and deceptive acts in its administration of the Policy.  (Plaintiff's Complaint, Paragraph 11).  Although the most egregious act committed by MetLife was the denial of payment to Mr. Losapio even though all the medical evidence demonstrated that the had met the

2

Policy requirement for "Residual Disability", the 93A Demand
Letter attached to Plaintiff's Complaint details a pattern of
unfair and deceptive acts committed by MetLife from the time
it assumed administration of the Policy through March of 2004.
(Plaintiff's Complaint, Paragraphs 11, 12 and 13).

**ARGUMENT**

Consolidation under F.R.C.P. 42 should be used to
expedite trial and eliminate unnecessary repetition and
confusion.  In re Lease Oil Antitrust Litigation, 186 F.R.D.
402, 403 (S.D.Tex. 1999).  These objectives, however, cannot
be pursued at the sacrifice of fairness to all parties.  Webb
v. Goord, 197 F.R.D. 98, 101 (S.D.N.Y. 2000).  Although the
District Court has the power to order consolidation for pre-
trial purposes, "this power is not unharnessed and such
extraordinary relief should be granted only under compelling
circumstances and when attempts to seek more conventional
avenues of relief have been exhausted."  State Mut. Life A.
Co. v. Peat, Marwick, Mitchell & Co., 49 F.R.D. 202 (1969).
Examples of such conventional avenues of relief are protective
orders under Federal Rules F.R.C.P. 30(b) or (d), or a
coordinated discovery program providing for the common use of
depositions.  Id. at 207.  The party seeking consolidation has
the burden of proving that consolidation is warranted.  Webb
v. Goord, 197 F.R.D. 98, 101 (S.D.N.Y. 2000).

Applying these principles to this case leads to the
conclusion that consolidation is not warranted and that

3

Defendant's Motion should be denied. In Federal Court, there is no option for the 93A issues to be decided by a jury. Michael C. Gilleran, The Law of Chapter 93A, §12:19 428, 429. The Court has the responsibility to assess and decide the facts and legal issues relating to the 93A claim. Berger v. Vanasse, No. 86-1968-N, slip op. (D.Mass.Mar. 22, 1989) (Collings, USM), p.2, 17 M.L.W. 1594 (Apr. 24, 1989). The Court does have the option of submitting the 93A issues to the jury on a non-binding advisory basis, together with the breach of contract claim against Lincoln Life. Michael C. Gilleran, The Law of Chapter 93A, §12:19 428, 429. This option, however, would be contrary to the purpose of consolidation under Fed.R.Civ.P. 42 of expediting trial and eliminating unnecessary repetition and confusion. In re Lease Oil Antitrust Litigation, 186 F.R.D. 402, 403 (S.D.Tex. 1999).

Mr. Losapio's Complaint against Lincoln Life is a simple breach of contract action. Mr. Losapio alleges that Lincoln Life breached its agreement under the Policy when it terminated payment of benefits beginning in August of 2003. The only issues in that Complaint are whether Mr. Losapio met the definition for residual disability benefits under the Policy, and if so, what were the monthly benefits due him under the Policy. The primary evidence in that claim will be the testimony of Mr. Losapio, the Policy language and the medical reports.

In the claim against MetLife, Mr. Losapio has alleged a pattern of unfair and deceptive acts committed by MetLife for

4

the period from December of 1999 through March of 2004.    To
determine whether Mr. Losapio is entitled to relief under that
claim, it will be necessary to review the conduct of MetLife
for that entire period.    In addition, MetLife's investigation
of Mr. Losapio's claim and its interpretation of the Policy
language during that entire time period must be compared to
the investigation and interpretation of the Lincoln Life's
claims department for period from 1995 through 1999.
Furthermore, Mr. Losapio's conduct and cooperation with
Lincoln Life's and MetLife's claims department for the period
from 1995 through 2004 will probably be an issue in the 93A
claim.    Since Met Life is acting now as the claims
administrator for Lincoln Life, it may be difficult to locate
the claims representative of Lincoln Life who handled the
plaintiff's claim.    Accordingly, the discovery in the 93A
claim will probably be much more extensive and protracted then
in the breach of contract claim, as will be the evidence at
trial.    Therefore, since the consolidation of these claims
will only serve to delay the trial of the breach of contract
claim and will create issues that could confuse the jury, the
Defendant's Motion should be denied.

Lastly, it would be unfair to Mr. Losapio if these
actions were consolidated.    The plaintiff has not received
residual disability benefits from Lincoln Life since August of
2003.    The type of Policy purchased from Lincoln Life was
bought and sold with the purpose of providing Mr. Losapio and
his family with financial security and peace of mind.    (e.g.,

see printout, attached as Exhibit "A", from MetLife's website, dated September 26, 2003, entitled Individual Disability Income Insurance - Plan for continued income. Then relax.). Accordingly, any delay in the trial of the breach of contract claim against Lincoln Life would be unfair to Mr. Losapio and would result in prejudice to him.

WHEREFORE, Mr. Losapio respectfully requests that the Defendant's Motion to Consolidate be denied.

JOHN F. KEENAN, ESQUIRE
390 Main Street
Worcester, MA  01608
Attorney for Plaintiff
508-791-8181
BBO#  264000
Dated: 8/27/04

## CERTIFICATE OF SERVICE

I John F. Keenan, hereby certify that on this day, I served a copy of PLAINTIFF JOSEPH M. LOSAPIO'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO F.R.C.P. 42 AND L.R. 40,1(i), by mailing a copy thereof, first class, postage prepaid, to Attorney James J. Ciapciak, Ciapciak & Associates, 99 Access Road, Norwood, MA  02062.

DATED: 8/27/04

JOHN F. KEENAN, ESQUIRE

6

# Individual Disability Income Insurance

**Plan for continued income. Then relax.**

What would happen if your paychecks suddenly stopped because you were too sick or injured to work? What if you couldn't work for months -- or years?

You'd still have to pay all your monthly bills, including food, utilities, house and car payments. Add in things like tuition and retirement funding, and it's easy to see how savings could quickly disappear.

You can't rely on other income sources like Social Security to protect you. In most cases, they don't apply -- or aren't enough. But you can plan ahead to help protect your lifestyle. To learn more, click here: **Other Income: A Reality Check**

MetLife has flexible Disability Income Insurance options that:

- Provides monthly income to help maintain your standard of living

- Can be customized to fit your particular situation

- Helps you retain independence and dignity without burdening others

- Helps keep your financial dreams and goals for the future intact.

:: **RelatedLinks**

- Annuities
- Auto Insurance
- Building Financial Freedom
- Choosing a Bank
- Financial Planning for College
- Life Insurance
- Life Insurance Glossary

:: **QuickLinks**

- MetLife Bank
- MetLife eSERVICE
- Planning Services

:: **Find a MetLife Representative**

To find a MetLife representative by specialty or location, click here.

**Your Risk of Becoming Disabled**



**What Are The Chances?**
(Of an employed individual becoming disabled for 90 days or more before age 65.)

| Age | Chance |
|---|---|
| 25 | 37% |
| 30 | 36% |
| 35 | 34% |
| 40 | 31% |
| 45 | 28% |
| 50 | 25% |
| 55 | 20% |

Source: Commissioner's Individual disability Table A.

PEANUTS © United Feature Syndicate, Inc. www.snoopy.com

**Other Income: A Reality Check**

\* *Commissioner's Individual Disability Table A*
\*\* *National Underwriter Magazine, May 2001*