UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS – CENTRAL DIVISION

|  |  |  |
|---|---|---|
| JOSEPH M. LOSAPIO, <br> Plaintiff, | ) ) ) ) | |
| v. | ) | C.A. NO.: 04-40156 |
| METROPOLITAN LIFE INSURANCE COMPANY, <br> Defendant. | ) ) ) ) ) | |

## AFFIDAVIT OF JOSEPH R. DAIGLE

1.      My name is Joseph R. Daigle.  I am above the age of eighteen and am of sound mind.

2.      I am an attorney representing Metropolitan Life Insurance Company in the above-entitled suit.  I also represent The Lincoln National Life Insurance Company in the suit currently pending against it in East Brookfield District Court, Docket No. 0469CV0193.

3.      On or about August 5, 2004, I participated in a telephone conference with Plaintiff's counsel in accordance with Local Rule 7.1.

4.      The purpose of the conference was to ask Plaintiff's counsel to dismiss the Complaint against MetLife and suggest that, as an alternative to a separate lawsuit, Plaintiff could join MetLife as a party to the Lincoln National suit.

5.      Plaintiff's counsel refused to dismiss either suit.  However, he told me that he would not oppose a Motion to Consolidate.

6.      Relying on Plaintiff's counsel's statement to me during the Local Rule 7.1 conference, I filed the Motion to Consolidate.

7.    Upon receiving Plaintiff's Opposition to the Motion to Consolidate, Attorney James J. Ciapciak and I participated in another telephone conference with Plaintiff's counsel.

8.    During that conference, Plaintiff's counsel admitted that he said he would not oppose the Motion to Consolidate, but that he was changing his stance. He would only withdraw the Opposition if MetLife agreed to try both cases in the East Brookfield District Court, which is located close to Plaintiff's counsel's office.

9.    Plaintiff's counsel also accused my client and I of "playing with the numbers" in order to remove the instant case to Federal Court.

10.    When asked if Plaintiff would agree to limit his damages to the amount stated in his Complaint, Plaintiff's counsel refused.

SIGNS UNDER THE PAINS AND PENALTIES OF PERJURY.

Joseph R. Daigle

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS:                                                         5 31        , 2004

On this 31st day of May, 2004, before me, the undersigned notary public, personally appeared Joseph R. Daigle, proved to me through satisfactory evidence of identification, to be the person whose name is signed on the preceding document, and acknowledged to me that they signed it voluntarily for its stated purpose.

Maureen Graziano
My Commission Expires: 7/1/05

MAUREEN GRAZIANO
Notary Public
My Commission Expires
7-1-05
Commonwealth of Massachusetts