UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS – CENTRAL DIVISION

|  |  |
|---|---|
| JOSEPH M. LOSAPIO,<br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>    Defendant. | C.A. NO.: 04-40156 |

## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S REPLY BRIEF TO PLAINTIFF JOSEPH M. LOSAPIO'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE

Defendant, Metropolitan Life Insurance Company ("MetLife"), hereby submits its Reply Brief to Plaintiff's Opposition to MetLife's Motion to Consolidate. MetLife states that the following facts clearly show that the two related lawsuits filed by Plaintiff should to be consolidated:

1. Plaintiff brought two separate suits based on the <u>same</u> <u>Policy</u> for disability benefits in East Brookfield District Court. Both suits are based on the same underlying facts or alleged facts, as well as the same Policy and essentially the same parties. The first lawsuit, against The Lincoln National Life Insurance Company ("Lincoln National"), alleges breach of contract. The second lawsuit, against MetLife, alleges unfair and deceptive trade practices.

2. MetLife removed one of the suits to Federal Court based on diversity and an amount in controversy exceeding $75,000.00.

3. MetLife notified Plaintiff's counsel that it intended to file a Motion to Consolidate the two suits.

4. Plaintiff's counsel told MetLife's counsel that he would not oppose such a Motion. See Affidavit of Joseph R. Daigle, attached hereto as Exhibit "A."

5. Relying on Plaintiff counsel's statement that he would not oppose a Motion to Consolidate, as well as the fact that the suits were related, MetLife filed its Motion.

6. On August 27, 2004, Plaintiff's counsel filed an Opposition to MetLife's Motion to Consolidate, contrary to his representation that he would not oppose the Motion.

7. When confronted with this turn of events, Plaintiff's counsel told MetLife that while he admitted that he agreed not to file an Opposition, he had changed his mind and would only withdraw his Opposition if MetLife agreed to litigate both cases in the East Brookfield District Court. Id.

## ARGUMENT

Clearly, convenience is the most important factor for Plaintiff's counsel, not any alleged differences in the two lawsuits he filed. Plaintiff's counsel simply wants to litigate two separate lawsuits in the state court near his offices, and at the same time keep the lawsuits out of federal court.

Plaintiff also accused MetLife of "playing with the numbers" in order to remove the action to Federal Court. Id. MetLife based its calculations on the fact that, contrary to Plaintiff's Complaint, Plaintiff insists his disability is ongoing and will require payments going forward, presumably until age 65. When asked if Plaintiff would agree to limit the damages to the amount stated in his Complaint, Plaintiff refused to do so. Id. As such, it is *Plaintiff* who is "playing with the numbers" in order to keep the cases in his

local jurisdiction. Plaintiff cited an amount owed in his Complaint based upon a short period of benefits he believes are due under the Policy with the clear intention of not limiting his damages to those months. The strategy is clear: Plaintiff reduced the amount owed to keep the matter *out* of Federal Court.

Regarding Plaintiff's Opposition Brief, Plaintiff argues that the suits are different because the suit against Lincoln National involves a simple breach of contract action and the MetLife suit involves unfair and deceptive trade practices. For that reason, Plaintiff argues, discovery in the suit against MetLife is likely to be onerous and involve much more detail than the Lincoln National suit. However, Plaintiff fails to acknowledge that the discovery in the Lincoln National case will be *exactly the same* as the discovery in the MetLife case. Both suits involve the *same* issues and Policy. The principal issues are the *same*, the *same* people will be deposed in both cases regarding the *same* facts, and the discovery in both cases will be *identical*. There is no need to differentiate the discovery demands of the two cases. Plaintiff is only doing so in order to create a meritless argument against consolidation.

Also, it was actually MetLife, not Lincoln National, that made the determination to discontinue benefits. Lincoln National had nothing to do with the determination to discontinue benefits. Thus, any discovery in the breach of contract action, as well as the unfair and deceptive trade practices action, are properly directed to MetLife, not Lincoln National.

Plaintiff's argument that the consolidation of the two lawsuits works against the rule regarding consolidation, F.R.C.P. 42, must also fail. Plaintiff based his argument on the fact that in Federal Court, Massachusetts General Laws ch. 93A claims are not tried

by juries. What Plaintiff fails to recognize is that in State Court, Chapter 93A claims are *not* automatically sent to a jury. The court has the *option* to send the claim to a jury, but in most cases the court decides the merits of the claim itself.

Finally, keeping the cases separate risks potentially conflicting verdicts. If Plaintiff loses the breach of contract lawsuit and then wins on the 93A lawsuit, the verdicts will be contradictory and confusing. In fact, it is common for courts to stay Chapter 93A claims in actions such as this solely to avoid such a possible conflict.

## CONCLUSION

WHEREFORE, MetLife respectfully requests that this Honorable Court allow its Motion to Consolidate for the reasons stated above.

Defendant,

METROPOLITAN LIFE INSURANCE COMPANY,

By Its Attorneys,

James J. Ciapciak (BBO # 552328)
Joseph R. Daigle (BBO # 564203)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on Aug 31, 2004.

James J. Ciapciak