

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS – CENTRAL DIVISION

| | |
|---|---|
| JOSEPH M. LOSAPIO,<br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>    Defendant. | C.A. NO.: |

**REQUEST FOR ORAL ARGUMENT**

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO CONSOLIDATE PURSUANT TO RULE F.R.C.P 42 AND L.R. 40.1(j)**

Defendant, METROPOLITAN LIFE INSURANCE COMPANY (hereinafter referred to as "MetLife") hereby moves this Court pursuant to Federal Rule of Civil Procedure 42 and Local Rule 40.1(j) to consolidate this action with the matter of Joseph M. Losapio v. The Lincoln National Life Insurance Company, Docket No.: 0469CV0193, which is pending in the East Brookfield District Court, County of Worcester, Massachusetts.

As grounds, MetLife refers to its Memorandum in support of the Motion to Consolidate Pursuant to Rule F.R.C.P 42 and L.R. 40.1(j) filed herewith.

*WHEREFORE*, MetLife respectfully requests that this matter be consolidated with Joseph M. Losapio v. The Lincoln National Life Insurance Company, Docket No.: 0469CV0193 pending in the East Brookfield District Court, County of Worcester



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS - CENTRAL DIVISION

| | |
|---|---|
| JOSEPH M. LOSAPIO,<br>PLAINTIFF<br><br>VS.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY,<br>DEFENDANT | )<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>) 04-40156-FDS<br>)<br>) |

**PLAINTIFF JOSEPH M. LOSAPIO'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO CONSOLIDATE
PURSUANT TO F.R.C.P. 42 AND L.R. 40,1(i)**

Plaintiff Joseph M. Losapio hereby opposes the Defendant's Motion to Consolidate this action with the case of <u>Joseph M. Losapio v. The Lincoln National Life Insurance Company</u>, Docket No. 0469CV0193 which is pending in the East Brookfield District Court, County of Worcester, Massachusetts.

**FACTS**

On October 22, 1985, the Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln Life") issued a policy for disability benefits to plaintiff Joseph M. Losapio (hereinafter referred to as "plaintiff" or "Mr. Losapio"), whereby Lincoln Life agreed to pay initial monthly benefits up to $2,000.00 to the plaintiff in the event he became disabled. (Plaintiff's Complaint, Paragraph 3). On March 23, 1995, the plaintiff was injured in a motor vehicle accident, which resulted in injuries which caused a partial disability. (Plaintiff's Complaint, Paragraph 5). Thereafter, Mr. Losapio, who is an attorney, made a claim with Lincoln Life for residual disability benefits, which were paid by Lincoln

Life from 1995 through July of 2003. (Plaintiff's Complaint, Paragraphs 6, 8 and 12). In August of 2003, Metropolitan Life Insurance Company (hereinafter referred to as "MetLife"), who had assumed administration of the Policy in 1999, alleged that Mr. Losapio no longer met the definition for residual disability benefits under the terms and provisions of the Policy and discontinued payments of residual disability benefits. (Plaintiff's Complaint, Paragraphs 10, 12 and 13).

On or about June 24, 2004, Mr. Losapio filed a Complaint against Lincoln Life in the District Court Department, East Brookfield Division, Worcester County, Massachusetts, Civil Action No. 0469CV0193 (hereinafter referred to as the "Lincoln Life Complaint"). The Lincoln Life Complaint was a simple breach of contract action to recover residual disability payments owed to Mr. Losapio by Lincoln Life for the period from August 1, 2003 to January 31, 2004. Exhibit "B" of Defendant's Memorandum.

On or about July 14, 2004, Mr. Losapio filed this Complaint (hereinafter referred to as the "MetLife Complaint") in the District Court Department, East Brookfield Division, Worcester County, Massachusetts, Civil Action No. 0469CV0226. In the MetLife Complaint, Mr. Losapio claimed that MetLife had committed numerous unfair and deceptive acts in its administration of the Policy. (Plaintiff's Complaint, Paragraph 11). Although the most egregious act committed by MetLife was the denial of payment to Mr. Losapio even though all the medical evidence demonstrated that the had met the

Policy requirement for "Residual Disability", the 93A Demand Letter attached to Plaintiff's Complaint details a pattern of unfair and deceptive acts committed by MetLife from the time it assumed administration of the Policy through March of 2004. (Plaintiff's Complaint, Paragraphs 11, 12 and 13).

## ARGUMENT

Consolidation under F.R.C.P. 42 should be used to expedite trial and eliminate unnecessary repetition and confusion. In re Lease Oil Antitrust Litigation, 186 F.R.D. 402, 403 (S.D.Tex. 1999). These objectives, however, cannot be pursued at the sacrifice of fairness to all parties. Webb v. Goord, 197 F.R.D. 98, 101 (S.D.N.Y. 2000). Although the District Court has the power to order consolidation for pre-trial purposes, "this power is not unharnessed and such extraordinary relief should be granted only under compelling circumstances and when attempts to seek more conventional avenues of relief have been exhausted." State Mut. Life A. Co. v. Peat, Marwick, Mitchell & Co., 49 F.R.D. 202 (1969). Examples of such conventional avenues of relief are protective orders under Federal Rules F.R.C.P. 30(b) or (d), or a coordinated discovery program providing for the common use of depositions. Id. at 207. The party seeking consolidation has the burden of proving that consolidation is warranted. Webb v. Goord, 197 F.R.D. 98, 101 (S.D.N.Y. 2000).

Applying these principles to this case leads to the conclusion that consolidation is not warranted and that

Defendant's Motion should be denied. In Federal Court, there is no option for the 93A issues to be decided by a jury. Michael C. Gilleran, The Law of Chapter 93A, §12:19 428, 429. The Court has the responsibility to assess and decide the facts and legal issues relating to the 93A claim. Berger v. Vanasse, No. 86-1968-N, slip op. (D.Mass.Mar. 22, 1989) (Collings, USM), p.2, 17 M.L.W. 1594 (Apr. 24, 1989). The Court does have the option of submitting the 93A issues to the jury on a non-binding advisory basis, together with the breach of contract claim against Lincoln Life. Michael C. Gilleran, The Law of Chapter 93A, §12:19 428, 429. This option, however, would be contrary to the purpose of consolidation under Fed.R.Civ.P. 42 of expediting trial and eliminating unnecessary repetition and confusion. In re Lease Oil Antitrust Litigation, 186 F.R.D. 402, 403 (S.D.Tex. 1999).

Mr. Losapio's Complaint against Lincoln Life is a simple breach of contract action. Mr. Losapio alleges that Lincoln Life breached its agreement under the Policy when it terminated payment of benefits beginning in August of 2003. The only issues in that Complaint are whether Mr. Losapio met the definition for residual disability benefits under the Policy, and if so, what were the monthly benefits due him under the Policy. The primary evidence in that claim will be the testimony of Mr. Losapio, the Policy language and the medical reports.

In the claim against MetLife, Mr. Losapio has alleged a pattern of unfair and deceptive acts committed by MetLife for

the period from December of 1999 through March of 2004. To determine whether Mr. Losapio is entitled to relief under that claim, it will be necessary to review the conduct of MetLife for that entire period. In addition, MetLife's investigation of Mr. Losapio's claim and its interpretation of the Policy language during that entire time period must be compared to the investigation and interpretation of the Lincoln Life's claims department for period from 1995 through 1999. Furthermore, Mr. Losapio's conduct and cooperation with Lincoln Life's and MetLife's claims department for the period from 1995 through 2004 will probably be an issue in the 93A claim. Since Met Life is acting now as the claims administrator for Lincoln Life, it may be difficult to locate the claims representative of Lincoln Life who handled the plaintiff's claim. Accordingly, the discovery in the 93A claim will probably be much more extensive and protracted then in the breach of contract claim, as will be the evidence at trial. Therefore, since the consolidation of these claims will only serve to delay the trial of the breach of contract claim and will create issues that could confuse the jury, the Defendant's Motion should be denied.

Lastly, it would be unfair to Mr. Losapio if these actions were consolidated. The plaintiff has not received residual disability benefits from Lincoln Life since August of 2003. The type of Policy purchased from Lincoln Life was bought and sold with the purpose of providing Mr. Losapio and his family with financial security and peace of mind. (e.g.,

see printout, attached as Exhibit "A", from MetLife's website, dated September 26, 2003, entitled Individual Disability Income Insurance - Plan for continued income. Then relax.). Accordingly, any delay in the trial of the breach of contract claim against Lincoln Life would be unfair to Mr. Losapio and would result in prejudice to him.

WHEREFORE, Mr. Losapio respectfully requests that the Defendant's Motion to Consolidate be denied.

JOHN F. KEENAN, ESQUIRE
390 Main Street
Worcester, MA 01608
Attorney for Plaintiff
508-791-8181
BBO# 264000
Dated: 8/27/04

## CERTIFICATE OF SERVICE

I John F. Keenan, hereby certify that on this day, I served a copy of PLAINTIFF JOSEPH M. LOSAPIO'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE PURSUANT TO F.R.C.P. 42 AND L.R. 40,1(i), by mailing a copy thereof, first class, postage prepaid, to Attorney James J. Ciapciak, Ciapciak & Associates, 99 Access Road, Norwood, MA 02062.

DATED: 8/27/04

JOHN F. KEENAN, ESQUIRE

EXHIBIT "A"

# Individual Disability Income Insurance

**Plan for continued income. Then relax.**

What would happen if your paychecks suddenly stopped because you were too sick or injured to work? What if you couldn't work for months – or years?

You'd still have to pay all your monthly bills, including food, utilities, house and car payments. Add in things like tuition and retirement funding, and it's easy to see how savings could quickly disappear.

You can't rely on other income sources like Social Security to protect you. In most cases, they don't apply – or aren't enough. But you can plan ahead to help protect your lifestyle. To learn more, click here: **Other Income: A Reality Check**

MetLife has flexible Disability Income Insurance options that:

- Provides monthly income to help maintain your standard of living
- Can be customized to fit your particular situation
- Helps you retain independence and dignity without burdening others
- Helps keep your financial dreams and goals for the future intact.

:: **RelatedLinks**

- Annuities
- Auto Insurance
- Building Financial Freedom
- Choosing a Bank
- Financial Planning for College
- Life Insurance
- Life Insurance Glossary

:: **QuickLinks**

- MetLife Bank
- MetLife eSERVICE
- Planning Services

:: **Find a MetLife Representative**

To find a MetLife representative by specialty or location, click here.

**Your Risk of Becoming Disabled**



**What Are The Chances?**
(Of an employed individual becoming disabled for 90 days or more before age 65.)

| Age | % |
|---|---|
| 25 | 37% |
| 30 | 36% |
| 35 | 34% |
| 40 | 31% |
| 45 | 28% |
| 50 | 25% |
| 55 | 20% |

Source: Commissioner's Individual disability Table A

PEANUTS © United Feature Syndicate, Inc. www.snoopy.com

**Other Income: A Reality Check**

\* Commissioner's Individual Disability Table A
\*\* National Underwriter Magazine, May 2001

http://www.metlife.com/Applications/Corporate/WPS/CDA/PageGenerator/0,,P2433~AP,...    9/26/2003



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS – CENTRAL DIVISION

| | |
|---|---|
| JOSEPH M. LOSAPIO, <br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, <br> Defendant. | C.A. NO.: 04-40156 |

### DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S REPLY BRIEF TO PLAINTIFF JOSEPH M. LOSAPIO'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE

Defendant, Metropolitan Life Insurance Company ("MetLife"), hereby submits its Reply Brief to Plaintiff's Opposition to MetLife's Motion to Consolidate. MetLife states that the following facts clearly show that the two related lawsuits filed by Plaintiff should to be consolidated:

1. Plaintiff brought two separate suits based on the same Policy for disability benefits in East Brookfield District Court. Both suits are based on the same underlying facts or alleged facts, as well as the same Policy and essentially the same parties. The first lawsuit, against The Lincoln National Life Insurance Company ("Lincoln National"), alleges breach of contract. The second lawsuit, against MetLife, alleges unfair and deceptive trade practices.

2. MetLife removed one of the suits to Federal Court based on diversity and an amount in controversy exceeding $75,000.00.

3. MetLife notified Plaintiff's counsel that it intended to file a Motion to Consolidate the two suits.

4.   Plaintiff's counsel told MetLife's counsel that he would not oppose such a Motion. See Affidavit of Joseph R. Daigle, attached hereto as Exhibit "A."

5.   Relying on Plaintiff counsel's statement that he would not oppose a Motion to Consolidate, as well as the fact that the suits were related, MetLife filed its Motion.

6.   On August 27, 2004, Plaintiff's counsel filed an Opposition to MetLife's Motion to Consolidate, contrary to his representation that he would not oppose the Motion.

7.   When confronted with this turn of events, Plaintiff's counsel told MetLife that while he admitted that he agreed not to file an Opposition, he had changed his mind and would only withdraw his Opposition if MetLife agreed to litigate both cases in the East Brookfield District Court. Id.

## ARGUMENT

Clearly, convenience is the most important factor for Plaintiff's counsel, not any alleged differences in the two lawsuits he filed. Plaintiff's counsel simply wants to litigate two separate lawsuits in the state court near his offices, and at the same time keep the lawsuits out of federal court.

Plaintiff also accused MetLife of "playing with the numbers" in order to remove the action to Federal Court. Id. MetLife based its calculations on the fact that, contrary to Plaintiff's Complaint, Plaintiff insists his disability is ongoing and will require payments going forward, presumably until age 65. When asked if Plaintiff would agree to limit the damages to the amount stated in his Complaint, Plaintiff refused to do so. Id. As such, it is *Plaintiff* who is "playing with the numbers" in order to keep the cases in his

local jurisdiction. Plaintiff cited an amount owed in his Complaint based upon a short period of benefits he believes are due under the Policy with the clear intention of not limiting his damages to those months. The strategy is clear: Plaintiff reduced the amount owed to keep the matter *out* of Federal Court.

Regarding Plaintiff's Opposition Brief, Plaintiff argues that the suits are different because the suit against Lincoln National involves a simple breach of contract action and the MetLife suit involves unfair and deceptive trade practices. For that reason, Plaintiff argues, discovery in the suit against MetLife is likely to be onerous and involve much more detail than the Lincoln National suit. However, Plaintiff fails to acknowledge that the discovery in the Lincoln National case will be *exactly the same* as the discovery in the MetLife case. Both suits involve the *same* issues and Policy. The principal issues are the *same*, the *same* people will be deposed in both cases regarding the *same* facts, and the discovery in both cases will be *identical*. There is no need to differentiate the discovery demands of the two cases. Plaintiff is only doing so in order to create a meritless argument against consolidation.

Also, it was actually MetLife, not Lincoln National, that made the determination to discontinue benefits. Lincoln National had nothing to do with the determination to discontinue benefits. Thus, any discovery in the breach of contract action, as well as the unfair and deceptive trade practices action, are properly directed to MetLife, not Lincoln National.

Plaintiff's argument that the consolidation of the two lawsuits works against the rule regarding consolidation, F.R.C.P. 42, must also fail. Plaintiff based his argument on the fact that in Federal Court, Massachusetts General Laws ch. 93A claims are not tried

by juries. What Plaintiff fails to recognize is that in State Court, Chapter 93A claims are *not* automatically sent to a jury. The court has the *option* to send the claim to a jury, but in most cases the court decides the merits of the claim itself.

Finally, keeping the cases separate risks potentially conflicting verdicts. If Plaintiff loses the breach of contract lawsuit and then wins on the 93A lawsuit, the verdicts will be contradictory and confusing. In fact, it is common for courts to stay Chapter 93A claims in actions such as this solely to avoid such a possible conflict.

## CONCLUSION

WHEREFORE, MetLife respectfully requests that this Honorable Court allow its Motion to Consolidate for the reasons stated above.

        Defendant,

        METROPOLITAN LIFE INSURANCE COMPANY,

        By Its Attorneys,

        _____
        James J. Ciapciak (BBO # 552328)
        Joseph R. Daigle (BBO # 564203)
        CIAPCIAK & ASSOCIATES, P.C.
        99 Access Road
        Norwood, MA 02062
        (781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on Aug 31, 2004.

_____
James J. Ciapciak

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS – CENTRAL DIVISION

| | |
|---|---|
| JOSEPH M. LOSAPIO,<br>　　　Plaintiff, | )<br>)<br>)<br>) |
| v. | ) C.A. NO.: 04-40156 |
| METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>　　　Defendant. | )<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JOSEPH R. DAIGLE

1. My name is Joseph R. Daigle. I am above the age of eighteen and am of sound mind.

2. I am an attorney representing Metropolitan Life Insurance Company in the above-entitled suit. I also represent The Lincoln National Life Insurance Company in the suit currently pending against it in East Brookfield District Court, Docket No. 0469CV0193.

3. On or about August 5, 2004, I participated in a telephone conference with Plaintiff's counsel in accordance with Local Rule 7.1.

4. The purpose of the conference was to ask Plaintiff's counsel to dismiss the Complaint against MetLife and suggest that, as an alternative to a separate lawsuit, Plaintiff could join MetLife as a party to the Lincoln National suit.

5. Plaintiff's counsel refused to dismiss either suit. However, he told me that he would not oppose a Motion to Consolidate.

6. Relying on Plaintiff's counsel's statement to me during the Local Rule 7.1 conference, I filed the Motion to Consolidate.

7. Upon receiving Plaintiff's Opposition to the Motion to Consolidate, Attorney James J. Ciapciak and I participated in another telephone conference with Plaintiff's counsel.

8. During that conference, Plaintiff's counsel admitted that he said he would not oppose the Motion to Consolidate, but that he was changing his stance. He would only withdraw the Opposition if MetLife agreed to try both cases in the East Brookfield District Court, which is located close to Plaintiff's counsel's office.

9. Plaintiff's counsel also accused my client and I of "playing with the numbers" in order to remove the instant case to Federal Court.

10. When asked if Plaintiff would agree to limit his damages to the amount stated in his Complaint, Plaintiff's counsel refused.

SIGNS UNDER THE PAINS AND PENALTIES OF PERJURY.

_____
Joseph R. Daigle

**COMMONWEALTH OF MASSACHUSETTS**

NORFOLK, SS:                                                         S 31_____, 2004

On this 31st day of _____, 2004, before me, the undersigned notary public, personally appeared Joseph R. Daigle, proved to me through satisfactory evidence of identification, to be the person whose name is signed on the preceding document, and acknowledged to me that they signed it voluntarily for its stated purpose.

_____
Maureen Graziano
My Commission Expires: 7/1/05

MAUREEN GRAZIANO
Notary Public
My Commission Expires
7-1-05
Commonwealth of Massachusetts



**CIAPCIAK**
**&**
**ASSOCIATES, P. C.**
ATTORNEYS AT LAW

99 Access Road
Norwood, MA 02062
Tel (781) 255-7401
Fax (781) 255-7402

BOSTON, MA OFFICE
(617) 951-2727

RHODE ISLAND OFFICE
(401) 996-7401

September 7, 2004

VIA FACSIMILE and REGULAR MAIL

Clerk's Office
United States District Court
District of Massachusetts - Central Division
Harold D. Donohue Bldg. & Courthouse
595 Main Street
Worcester, MA 01608

RE:  Losapio v. Metropolitan Life Insurance Co.
     **USDC Massachusetts**
     **C.A. No. 04-40156 FDS**

Dear Sir or Madam:

On behalf of MetLife and Lincoln National, we hereby request an expedited ruling on the Motion to Consolidate these matters into the Federal Court case.

On August 17, 2004, Metropolitan Life Insurance Co. ("MetLife") filed a Motion to Consolidate in the Federal Court to consolidate this matter with a case pending in the Massachusetts District Court, East Brookfield Division, Worcester County, Massachusetts entitled Losapio v. The Lincoln National Life Insurance Company, C.A. No. 0469CV0193. The Plaintiff and Plaintiff's counsel in both cases are identical.

Despite the pending Motion, Plaintiff's counsel has filed (in the state court action) a Motion to Compel Lincoln National's Responses. The hearing on this Motion is currently scheduled for September 10, 2004. Lincoln National has filed with the East Brookfield District Court an Expedited Motion to Stay the State Court Proceedings and has requested that the Court issue an Order staying discovery and motions until such time as the Federal Court has ruled on MetLife's Motion to Consolidate. A copy of the Expedited Motion to Stay is attached hereto.

Very truly yours,

James J. Ciapciak

Enclosure
Attachment
cc: John F. Keenan