UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS - CENTRAL DIVISION

JOSEPH M. LOSAPIO,           )
    PLAINTIFF                )
                             )
VS.                          )   CIVIL ACTION NO. 04-40156-FDS
                             )
METROPOLITAN LIFE            )
INSURANCE COMPANY,           )
    DEFENDANT                )

**PLAINTIFF JOSEPH M. LOSAPIO'S MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND**

**FACTS**

On or about July 14, 2004, Mr. Losapio filed this Complaint in the District Court Department, East Brookfield Division, Worcester County, Massachusetts, Civil Action No. 0469CV0226. In his Complaint, Mr. Losapio claimed that MetLife had committed numerous unfair and deceptive acts in its administration of the Disability Income Insurance Policy issued to the plaintiff by Lincoln National Life Insurance Company on October 22, 1985. (Plaintiff's Complaint, Paragraph 11). The most egregious act committed by MetLife was the denial of payment to Mr. Losapio even though all the medical evidence demonstrated that he had met the Policy requirement for "Residual Disability". (Plaintiff's Complaint, Paragraphs 12 and 13). In the Complaint, Mr. Losapio stated he had "been damaged in the amount of $16,200.00 for the benefits due from August of 2003 through January of 2004, together with any additional benefits due thereafter". (Plaintiff's Complaint, Paragraph 18).

**ARGUMENT**

A Federal District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs," and there is diversity of citizenship. 28 U.S.C.S. §1332(a). Removal statutes are strictly construed and the removing party has the burden of showing the Federal Court's jurisdiction. Danca v. Private Health Care Sys., Inc., 185 F.3d 1,4 (1st Cir. 1999). The defendant must present specific evidence that establishes subject matter jurisdiction exists with respect to the Plaintiff's Complaint. Radlo v. Rhone-Poulenc, S.A., 241 F.Supp.2D 61, 63 (Mass. 2002). There is a presumption against removal jurisdiction and any doubts as to this Court's jurisdiction are to be resolved in favor of remand. Kivikovski v. Smart Professional Photocopying Corporation, 2001 DNH 43; (N.H. 2001) U.S. Dist. LEXIS 2017. Lastly, a plaintiff's refusal to stipulate that the value of a case does not exceed $75,000.00 cannot be used to establish federal jurisdiction. James Lindsay v. American General Life & Accident Insurance Company, 133 F.Supp.2d 1271, 1274 (Ala. 2001), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In determining whether the amount in controversy exceeds $75,000.00, the sum claimed by the plaintiff, if apparently made in good faith, normally controls. Radlo, supra at 63, Speilman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). A

2

defendant may, however, challenge the plaintiff's statement of the value of the claim. Radlo, supra at 63.

Usually such a challenge is made by the defendant in a Motion to Dismiss a Complaint originally filed in Federal Court. Radlo, supra at 63. In such cases, the defendant has the burden of showing that there is "legal certainty" that the plaintiff will not recover damages above the jurisdictional threshold. Radlo, supra at 63. Courts in some circuits have required a removing defendant to meet the same burden, while other courts have required the removing defendant only to show by a preponderance of the evidence that the plaintiff's damage claim satisfies the amount-in-controversy requirement. Radlo, supra at 64. Although the issue of what is standard to use is unsettled in this Circuit, there is no question that applying the "legal certainty" standard would be consistent with the

> "principles generally invoked with respect to jurisdictional issues: (1) the plaintiff is the 'master of his complaint,' see Danca v. Private Health Care Sys., Inc., 185 F.3d 1,4(1st Cir. 1999), (2) the borders of federal jurisdiction are to be watchfully policed, see Speilman, supra at 4, and (3) bearing in mind that the removal statutes are to be strictly construed, see Danca, 185 F.3d. at 4." Radlo, supra at 63,64.

It is even appropriate to use the "legal certainty" test when it will lead to a situation of the defendant having to argue there is a strong case that the defendant has committed unfair or deceptive acts and that the plaintiff will be awarded triple damages. Shamell Samuel-Bassett, etal v. Kia Motors America, Inc., 357 F.3d. 392, 398 (3rd Cir. 2004). Regardless

3

of the standard used, it is apparent that the defendant cannot meet its burden of presenting specific evidence that establishes the amount in controversy exceeds $75,000.00.

The defendant based its Notice of Removal on two grounds. The first ground was that the amount in controversy exceeds $75,000.00 because the amount in dispute would be the $2,700.00 monthly benefits under the Policy until the plaintiff reaches the age of sixty-five (65). Federal Courts, however, have generally only looked to the past payments due in determining whether the value of the claim meets the jurisdiction threshold. Hilley v. Massachusetts Mutual Life Ins. Co., 32 F.Supp.2d 195-196 (Pa. 1998). Future disability payments under a disability insurance contract cannot be taken into account in determining the amount in controversy. Hilley, supra at 196. Therefore, this ground will not satisfy the amount in controversy requirement.

The defendant's alternative ground is based on a two-prong argument. First, the defendant claims that since the Plaintiff's Complaint was filed on July 14, 2004, the benefits at issue relate not to the period from August 2003 through January of 2004 as alleged in the Plaintiff's Complaint, but to the benefits for the period of August of 2003 through June of 2004 which amount to approximately $30,000.00. The defendant then claims that since the plaintiff seeks treble damages under M.G.L. c. 93A and c. 176D, the amount of monetary damages is approximately $90,000.00. The defendant's first argument fails because it cannot present specific

4

evidence that establishes the plaintiff is due benefits for the period from February of 2004 through June of 2004. The plaintiff is making a claim, not for Total Disability Benefits, but for Residual Disability Benefits. Under the terms of the Policy, the plaintiff is only entitled to Residual Disability Benefits if his Current Monthly Income is 80% less than his Prior Monthly Income as defined by the Policy. (See Exhibit A attached to Plaintiff's Complaint). The plaintiff has not submitted evidence of his income for the period from February of 2004 through June of 2004 to the defendant which would demonstrate that he would qualify for Residual Disability Benefits for those months. The defendant would also have to present evidence of the amount of benefits due the plaintiff for each month from February of 2004 through June of 2004. Without such evidence, the defendant cannot meet its burden of demonstrating that the benefits for the period August of 2003 through June of 2004 would amount to $30,000.00.

    The defendant's second argument also fails unless the defendant presents specific evidence demonstrating that the plaintiff is entitled to treble damages. Radlo, 241 F.Supp.2D at 63,64. The defendant's mere allegation that the plaintiff is seeking treble damages is not sufficient to meet its burden of establishing the amount in controversy exceeds $75,000.00. Radlo, supra at 64, Conrad Associates v. Hartford Accident & Indemnity Company, 994 F.Supp.1200 (N.D. Ca. 1998). For the plaintiff to be entitled to multiple damages he must prove

5

that the defendant committed unfair or deceptive acts and, the acts were a willful or knowing violation of Section 2 of M.G.L. c. 93A or the defendant's refusal to grant the plaintiff's relief was made in bad faith with knowledge or reason to know the acts complained of violated Section 2. M.G.L. c. 93A Section 9(3). Even if such findings are made, the Court has the option of only awarding double damages. M.G.L. c. 93A Section 9(3). The defendant has the burden of demonstrating that other courts have found in cases similar to the plaintiff's claim that the insurer violated M.G.L. c. 93A and c. 176D and that the courts awarded triple damages in those cases. Stewart, et al v. Tupperware Corporation, et al, 356 F.3d, 335 (1st Cir. 2004). Conrad, supra at 1200, 1201.

For the reasons set forth above, it is respectfully requested that the plaintiff's Motion be allowed and this matter be remanded to the District Court Department, East Brookfield Division, Worcester County, Massachusetts, where the breach of contract action against Lincoln Life for non payment of benefits is pending.

JOHN F. KEENAN, ESQUIRE
390 Main Street
Worcester, MA  01608
Attorney for Plaintiff
508-791-8181
BBO#  264000
Dated:  September 23, 2004

**CERTIFICATE OF SERVICE**

I John F. Keenan, hereby certify that on this day, I served a copy of PLAINTIFF JOSEPH M. LOSAPIO'S MEMORANDUM IN OF PLAINTIFF'S MOTION TO REMAND, by mailing a copy thereof, first class, postage prepaid, to Attorney James J. Ciapciak, Ciapciak & Associates, 99 Access Road, Norwood, MA 02062.

DATED:
September 23, 2004            JOHN F. KEENAN, ESQUIRE

7