## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS – CENTRAL DIVISION

|  |  |  |
|---|---|---|
| JOSEPH M. LOSAPIO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: 04-40156 |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, | ) | |
|     Defendant. | ) | |

## DEFENDANT METROPOLITAN LIFE INSURANCE
## COMPANY'S OPPOSITION TO THE MOTION TO REMAND

Defendant, Metropolitan Life Insurance Company (hereinafter referred to as

"MetLife") opposes Plaintiff's Motion to Remand. Plaintiff's only argument in support

of remand is that the amount in controversy allegedly does not meet the $75,000

jurisdictional minimum. However, given the facts of Plaintiff's claims, and the law of

the First Circuit, it is clear that the amount in controversy exceeds $75,000.

### FACTS

Plaintiff brought this Complaint against MetLife, as Administrator of a Disability

Income Insurance Policy, Number: 15-6026745 ("the Policy"), asserting that MetLife

violated M.G.L. Chapter 93A when it denied Plaintiff's claim for residual disability

benefits. Plaintiff, an attorney, claims that he suffers from an ongoing disability

resulting from an automobile accident that occurred in March 1995. Complaint at

Paragraph 5.

Plaintiff alleged damages in the Complaint, but limited his alleged damages to the

monthly residual disability payments he believed he was owed for a short period of time,

followed by a claim for "additional benefits due thereafter" under the Policy. Specifically, Plaintiff alleged that MetLife "unfairly den[ied] the plaintiff's claim for residual disability benefits for the months of August 2003 through January 2004, at the rate of $2,700.00 per month for a total of $16,200.00." Complaint, at Paragraph 12. However, Plaintiff then adds at the end of the Complaint a claim for damages, stating that he has been "damaged in the amount of $16,200.00 for the benefits due from August of 2003 through January of 2004, together with any additional benefits due thereafter." See also Paragraph 18 of the Complaint. [Emphasis added.]

Further, in his March 24, 2004 demand letter to MetLife, a copy of which was incorporated as an exhibit to the Complaint, Plaintiff provided a letter from his treating physician stating that he suffers from chronic degenerative conditions. Demand Letter, p. 8. If Plaintiff's expert is to be believed, Plaintiff's condition was not resolving, but, indeed, appears to be worsening, despite the passage of nine years from the original automobile accident.

Plaintiff, in his Complaint, has alleged damages in the form of past due benefits as well as "benefits due thereafter." Those benefits accrue at a rate of $2,700.00 per month. Therefore, Plaintiff has put into controversy an additional $24,300.00 in residual disability benefits from February 2004 to October 2004, making his benefits claim worth $40,500.00 to date. Further, Plaintiff is 51-years-old.[1] The residual disability insurance amount in controversy for the next 13 years, 9 months, if he is able to establish that he remains disabled, could be as much as $445,500.00. Thus, the total amount of residual disability benefits in controversy is $488,700.00. In addition, if Plaintiff succeeds in proving his claims under M.G.L. c. 93A, he could recover multiple damages.

---

[1] Plaintiff was born on July 14, 1953.

2

## ARGUMENT

To establish federal court jurisdiction, Defendant must make a colorable claim that the amount in controversy is sufficient to meet the federal diversity jurisdiction amount of $75,000. Danca v. Private Health Care Systems, Inc., 185 F.3d 1, (U.S. Dist. Ct. Mass. 1999). The standard most frequently used in the First Circuit to determine whether the federal jurisdictional amount has been met is whether facts have been sufficiently alleged indicating that it is not a legal certainty that the claims involve less than $75,000. Stewart v. Tupperware Corporation, 356 F.3d 335, 339 (1st Cir. 2004).

Though it is true, as Plaintiff asserts, that one of the principles invoked in establishing jurisdictional issues is that "the plaintiff is the master of his complaint", Plaintiff's estimate of the value of his claims may be challenged by Defendant. Radlo v. Rhone-Poulenc, S.A., et. al., 241 F. Supp 2d 61, at 63. Here, it is clear that Plaintiff has misstated the amount in controversy. While Plaintiff seeks residual disability benefits under the Policy, he specifically identified some benefits and generally referred to others. Further, the sole claims in this lawsuit, as opposed to the one he filed in state court, are for violation of M.G.L. C.93A. As such, those damages must be part of the amount in controversy.

Plaintiff cites to the Radlo case for the proposition that Defendant has the burden to prove that there is a "legal certainty" that Plaintiff will *not* recover damages above the jurisdictional amount. However, that is not the proper recitation of the standard.[2] The

---

[2]    In fact, the Radlo Court did not even apply the "legal certainty" standard. The Radlo Court stated, "it is not necessary to decide which standard should apply, because Novus has not offered enough evidence to permit a finding that Radlo's claims will meet the amount-in-controversy requirement under either standard." Id. at 6.

3

standard to be applied by the Court to a party asserting facts to establish the Court's jurisdiction is whether the Complaint contains claims that could raise the amount in controversy to $75,000. In fact, in <u>Kivikovski v. Smart Professional Photocopying Corporation</u>, a case emanating from the New Hampshire District Court (upon which Plaintiff relies for other reasons), the Court applied a preponderance of the evidence standard. 2001 DNH 43; U.S. Dist. LEXIS 2017, (N.H. 2001) at p 4. The <u>Kivikovski</u> Court stated that the fact must be "more likely than not" for the Court to rely on it in determining jurisdiction. <u>Id</u>.

Here, Plaintiff's Complaint alleges damages of $16,200.00 plus "additional benefits due thereafter." However, an examination of Plaintiff's claim reveals the amounts in controversy: 1.) The amount of residual disability benefits that Plaintiff specifically claimed in his Complaint (August 2003 to January 2004) is $16,200.00; 2.) The amount of residual disability benefits that Plaintiff would be due to the present (February 2004 to October 2004) is $24,300.00; 3.) The amount of the residual disability benefits due thereafter (should Plaintiff obtain a verdict) is as much as $445,500.00; 4.) If Plaintiff succeeds on his C.93A claims, he will be entitled to multiple damages; and 5.) M.G.L. c. 93A provides that Plaintiff shall be entitled to reasonable attorney's fees should he prove MetLife violated the statute.

Given these amounts, MetLife has established sufficient facts as to the amount in controversy. It is more likely than not that the amount in controversy exceeds $75,000. Therefore, MetLife respectfully submits, this Court should rely on the real damages in determining the amount in controversy, and not Plaintiff's lower amount that he has

alleged simply to keep the case out of federal court and to deny MetLife its right to assert diversity jurisdiction.

### 1.)  <u>Residual Disability Benefits</u>

Plaintiff does not dispute that if he obtains a verdict, he will be entitled to Residual Disability Benefits.  As an aside, Plaintiff states in his Complaint that his damages resulting from MetLife's alleged violation of C.93A are the same amount that he seeks in the state court lawsuit:  benefits due from August 2003 to January 2004. Why, then, did Plaintiff bother filing two lawsuits at the same time over the same Policy? Despite Plaintiff's efforts to limit his damages to keep out of Federal Court, his own Complaint does not so limit his alleged damages.  Plaintiff's Complaint asserts he is entitled not to just those benefits, but also the "benefits due thereafter."

### 2.)  <u>Full Residual Disability Benefits</u>

Plaintiff has asserted that his disability has not ended.  Yet, Plaintiff argues, MetLife may not rely on this allegation to establish the jurisdictional amount because, he claims, he has yet to prove that he qualifies as to any subsequent months.  However, Plaintiff, in his Complaint, seeks these damages.  How can Plaintiff argue that these past benefits are not part of the amount in controversy, yet also allege that will be entitled to them?  If Plaintiff obtains a verdict, then MetLife will be responsible for these benefits. As such, these benefits are subject to the jurisdictional amount.

It is significant that Plaintiff has refused to stipulate that these damages are not part of his claims, or that his claims do not exceed the jurisdictional limits of this Court.

Plaintiff defends this position by claiming that a refusal to stipulate that the value of a case does not exceed $75,000 cannot be used against a party to establish federal jurisdiction. As support for this proposition, Plaintiff was forced to look far afield to the case of Lindsay v. American General Life & Accident Insurance Company, 133 F. Supp.2d 1271 (N. D. Ala. 2001), a case handed down by the United States District Court for the Northern District of Alabama. However, Plaintiff *inaccurately* cited the *dicta* from the Lindsay decision. The District Court did not hold that a plaintiff's refusal to stipulate that the value of a case does not exceed $75,000 cannot be used to establish federal jurisdiction. Instead, the Lindsay Court indicated that where Defendant argued that Plaintiff's ultimate recovery was not limited under Alabama law to the amount demanded in the Complaint, and where Plaintiff refused to stipulate that his damages did not exceed $75,000, these facts were insufficient, without more, to show that the amount in controversy was met. Id at 1274.

In this case, unlike Lindsay, MetLife is not relying *solely* on the Plaintiff's refusal to stipulate that his damages are not more than $75,000 to establish the jurisdictional minimum. To the contrary, MetLife has presented the Plaintiff's claims for what they are, and the amount in controversy is not simply whatever Plaintiff says it is. MetLife relies on *Plaintiff's* representations in his Complaint regarding both his ongoing disability and what Plaintiff will be entitled to should he prevail. And, MetLife relies upon First Circuit case law interpreting M.G.L. c. 93A to calculate a verdict should Plaintiff succeed in proving his case.

### 3. **Future Residual Disability Benefits**

Under the Policy, Plaintiff remains eligible for residual disability benefits until he reaches the age of 65. (He currently is 51.) Plaintiff relies on precedent from the Eastern District of Pennsylvania to support his contention that Federal Courts have allegedly looked *only* to past due payments to determine the jurisdictional amount. Hilley v. Mass. Mutual, 32 F. Supp. 2d 195 (E.D. Penn. 1998). Plaintiff does not claim that this is the law in the First Circuit, nor does he state any reason why the First Circuit should adopt the Eastern District of Pennsylvania's reasoning. In this Circuit, and in this case, the preponderance of the evidence standard is more appropriate to determine the amount in controversy. (See *infra*.) Future benefits are part of the amount in controversy, and the amount due for each month may be calculated with sufficient accuracy to satisfy the "more likely than not" standard used by District Courts in this Circuit.

### 4.) **The Amount in Controversy includes all damages that Plaintiff *may* recover should he prevail at trial, including "multiple" damages**

Treble damages under M.G.L. C.93A are defined as a form of punitive damages. F.C.I. Realty Trust v. Aetna Casualty & Surety Company, 906 F. Supp. 30, 32 (U.S. Dist. Ct. of Mass. 1995). Where both actual and punitive damages are recoverable under a Complaint "each must be considered to the extent claimed in determining the jurisdictional amount" of a claim. Id. [quoting Bell v. Preferred Life Society, 320 U.S. 238, 64 S.Ct. 5 (1943)]. Clearly, because Plaintiff's claims are based on M.G.L. c. 93A, multiple damages are part of the amount in controversy. If they are not part of the amount in controversy, Plaintiff has no claims.

Plaintiff argues that there is no basis for MetLife to assert that the Court may award multiple damages (which are discretionary under M.G.L. c. 93A). In his Motion to Remand, Plaintiff improperly relies on Stewart v. Tupperware Corporation, et al., 356 F.3d 335 (1st Cir. 2004) to argue that MetLife has the burden of demonstrating that other cases are similar to Plaintiff's before relying upon multiple damages in the calculation of the jurisdictional amount. This argument lacks logic. The Stewart Court was not addressing c. 93A (but that does not stop Plaintiff from relying upon it or the analysis employed by the Court.) The Stewart Court used a comparative analysis to establish that a claim met the federal jurisdictional requirements where the amount in controversy could not easily be determined. The Court compared Plaintiffs' personal injury claims with other comparable cases and, based on this analysis, determined that "it is not legally certain that a jury could *not* make an award of $75,000." Id. at 340. Though the "comparable" cases were not "on all fours" with the Plaintiff's case, the Court found them sufficiently analogous to reverse the lower court's dismissal for lack of subject matter jurisdiction. Id.

While not applicable here because this is a contract case and damages are easily discernable, nonetheless, the Stewart analysis applied to this case actually supports MetLife's position. A comparative analysis reveals that several Massachusetts Courts have awarded multiple damages against insurance companies for unfair business practices that were deemed to violate M.G.L. c. 93A. Wasserman v. Commerce Insurance Co., 15 Mass. L. Rep. 170, 2002 Mass.Super. LEXIS 319 (2002)(treble damages awarded to insured when insurer failed to defend or indemnify under homeowner's policy); Panzarella v. The Travelers Insurance Company, 2002 Mass.

Super. LEXIS 160(2002)(treble damages awarded where insurer refused to disclose address of key witness); <u>Brandley v. United States Fidelity & Guaranty Company</u>, 819 F. Supp 101 (1993)(double damages awarded where insurer delayed in processing claim from insured's motor vehicle accident and where court found insurer's settlement offer unreasonable, but not a <u>knowing</u> or <u>willful</u> violation of M.G.L. c. 93A).

Plaintiff's claims are based on c. 93A. These claims cannot be excluded in calculating the amount in controversy. Any reasonable estimate of damages must include Plaintiff's claims for multiple damages. Even under the reasoning of the <u>Stewart</u> court, there can be no legal certainty that a trier-of-fact could <u>not</u> award Plaintiff multiple damages in the subject case.

Even if the Court were to find that the amount of benefits in controversy is only from August 2003 to the July 14, 2004, the date Plaintiff filed the Complaint ($2,700 X 11 ½ months - $31,050), the amount of benefits in controversy meets the jurisdictional amount if trebled. As such, this amount necessarily must be included in the jurisdictional amount in controversy.

## 5.    The Amount in Controversy Includes Attorney's Fees

Where attorney's fees are authorized by a statute, they may, to the extent reasonable, constitute part of the "amount in controversy" necessary to establish Federal jurisdiction. <u>Kivikovski v. Smart Professional Photocopying Corporation</u>, 2001 DNH 43; U.S. Dist. LEXIS 2017, (N.H. 2001) at p.8. Here, should Plaintiff succeed on his c.93A claims, the statute authorizes fees.

## CONCLUSION

The amount in controversy here exceeds $75,000. Should Plaintiff prevail on all his claims, it is more likely than not that he will be awarded back residual disability benefits, as well as some form of damages under c.93A. Plaintiff has alleged that MetLife violated c.93A, and if he proves it, then he will be entitled to benefits and damages that exceed the minimum amount in controversy for jurisdictional purposes.

## REQUEST FOR ORAL ARGUMENT

Defendant requests oral argument on this motion and anticipates that the argument will take less than 30 minutes.

Defendant,

METROPOLITAN LIFE INSURANCE COMPANY,

By Its Attorneys

James J. Ciapciak (BBO # 552328)
Joseph R. Daigle (BBO # 564203)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served, by mail, upon Counsel of Record on October __, 2004.

James J. Ciapciak