UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH M. LOSAPIO,<br><br>    Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No.<br>04-40156-FDS |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO REMAND AND DEFENDANT'S MOTION TO STAY**

**SAYLOR, J.**

This is an action alleging violations of the Massachusetts Consumer Protection Act, Mass. Gen. Laws c. 93A. Plaintiff Joseph Losapio alleges that defendant Metropolitan Life Insurance Company ("MetLife") willfully and knowingly committed unfair and deceptive acts in connection with its administration of his claim for residual disability benefits under a policy issued by Lincoln National Life Insurance Company. Losapio filed a separate lawsuit for breach of contract against Lincoln National that is currently pending in state court.

This action, like the action against Lincoln, was originally filed in state court. MetLife removed the case to this Court pursuant to 28 U.S.C. § 1441 on the basis of claimed diversity jurisdiction under 28 U.S.C. § 1332. Losapio has moved to remand this case to state court because, he claims, the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332. MetLife opposes Losapio's remand motion and has separately moved to stay proceedings in this

matter pending resolution of Losapio's state-court action against Lincoln National. For the reasons discussed below, plaintiff's motion to remand will be GRANTED, and defendant's motion to stay therefore will be DENIED as moot.

## **Background**

This dispute, broadly speaking, involves MetLife's determination that Losapio is not entitled to disability benefits. The policy in question is a residual disability policy issued by Lincoln National to Losapio on October 22, 1985. On March 23, 1995, Losapio allegedly sustained injuries in a motor-vehicle accident, resulting in a partial disability. Thereafter, he made a claim with Lincoln National for residual disability benefits.

Lincoln National paid residual disability benefits to Losapio through November 1999. In December 1999, Lincoln National transferred the administration of its individual disability insurance claims to MetLife. That month, MetLife began issuing a reservation of rights regarding Losapio's claims but continued to make payments to him until August 2003. From August 2003 through January 2004, at a rate of $2,700 per month, MetLife denied Losapio's claims for residual disability benefits.

On March 24, 2004, Losapio sent to MetLife a written demand for relief under Chapter 93A, claiming "numerous unfair and deceptive acts . . . committed by [MetLife] in connection with the administration of [his] Disability Income Insurance Policy." MetLife did not tender a written settlement offer within 30 days. Thereafter, Losapio filed a complaint regarding MetLife's conduct in the East Brookfield District Court.

MetLife timely removed the case to this Court on the basis of diversity jurisdiction. There is no question that the parties are diverse: MetLife is a citizen of New York, and Losapio is a

citizen of Massachusetts. The disagreement is over the amount in controversy. In his complaint, which is dated July 14, 2004, Losapio states that he "has been damaged in the amount of $16,200.00 for the benefits due from August of 2003 through January 2004, together with any additional benefits due thereafter." The $16,200 figure represents $2,700 per month for the months of August 2003 through January 2004 and mirrors the amount Losapio sought from MetLife in his March 24, 2004, demand letter. The language "any additional benefits due thereafter" is not quantified or otherwise explained. The complaint further alleges that MetLife's acts were unfair and deceptive and were committed willfully and knowingly, and thus subject to multiple damages under Mass. Gen. Laws ch. 93A.

In its notice of removal, MetLife contends that the amount in controversy exceeds $75,000 because it includes $2,700 per month (1) for the period of August 2003 through January 2004, as expressly claimed by Losapio, (2) for the period of January 2004 through July 14, 2004, when Losapio filed his complaint, and (3) for the period from July 14, 2004, until the date when Losapio turns 65 years old. MetLife also observes that Losapio seeks treble damages and attorneys' fees under Chapter 93A.

## Analysis

A case removed from state court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Provided that complete diversity exists between the parties, this Court has subject-matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). The removing defendant bears the burden of demonstrating the subject-matter jurisdiction of the federal court. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir.

1999). There is a presumption against removal, and any doubts as to this Court's jurisdiction must be resolved in favor of remand. *Tremblay v. Philip Morris, Inc.*, 231 F. Supp. 2d 411, 414 (D. N.H. 2002).

MetLife must therefore establish that the amount in controversy exceeds the $75,000 jurisdictional requirement. Although the First Circuit has not yet decided what standard of proof should apply in situations where the defendant asserts that the plaintiff is understating the value of his claims, other district courts in this circuit have required the defendant to show by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. *See Doughty v. Hyster New Eng.*, ___ F. Supp. 2d ___, 2004 WL 2496713, *2 (D. Me. 2004); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 219-20 (D. N.H. 2004); *Tremblay*, 231 F. Supp. 2d at 414 n.2. Here, it is not necessary to decide which standard applies, because MetLife has not presented facts sufficient to persuade the Court that it is more likely than not that Losapio's claims exceed $75,000.

MetLife correctly asserts that if plaintiff succeeds in his Chapter 93A claims, he will be statutorily entitled to multiple damages and reasonable attorneys' fees. Those sums are part of the amount in controversy in a Chapter 93A case. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (attorneys' fees); *F.C.I. Realty Trust v. Aetna Cas. & Sur. Co.*, 906 F. Supp. 30, 32 n.1 (D. Mass. 1995) (multiple damages). Nevertheless, the availability of these additional sums only helps MetLife reach the jurisdictional amount if the potential single damage award is large enough in the first place. Therefore, the Court must determine the maximum potential single damage award in this case.

Where plaintiff's complaint alleges an amount of damages, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Spielman*, 259 F.3d at 5 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). A defendant, however, may challenge a plaintiff's valuation of his claim. *Radlo v. Rhone-Poulenc, S.A.*, 241 F. Supp. 2d 61, 63 (D. Mass. 2002). Here, plaintiff's complaint specifically seeks $16,200 in damages. MetLife advances two reasons why the potential single damage figure actually is more than the $16,200 claimed by plaintiff.

First, MetLife claims that plaintiff's single damages could be as much as $488,700, because Losapio may be entitled to future residual disability benefits to be paid at a rate of $2,700 per month until he is 65 years old. However, "future potential benefits may not be taken into consideration in the computation of the amount in controversy . . . where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy." Joseph E. Edwards, Annotation, *Determination of Requisite Amount in Controversy in Diversity Action in Federal District Court Involving Liability Under, or Validity of, Disability Insurance*, 11 A.L.R. Fed. 120, 132 (1972); *accord Hilley v. Massachusetts Mut. Life Ins. Co.*, 32 F. Supp. 2d 195, 196 (E.D. Pa. 1998). MetLife has cited no authority supporting its contrary assertion.

Second, MetLife claims that plaintiff's single damages, even if they do not include future benefits, include past benefits for the period between January 2004 (the cutoff stated in the complaint) and July 2004, the date the complaint was filed.[1] "The critical time for determining the

---

[1] MetLife is inconsistent on this point, suggesting in its notice of removal that the operative end date is July 14, 2004, when plaintiff filed his complaint, but arguing in its opposition to plaintiff's motion to remand that the relevant period continues until the present.

5

existence *vel non* of the amount in controversy is the inception of the suit, i.e., the time of filing."
*Corrada Betances v. Sea-Land Serv., Inc.*, 248 F.3d 40, 45 (1st Cir. 2001). Accordingly, and because future potential benefits are not included, the last possible date that damages accrued for purposes of measuring the jurisdictional amount in controversy is July 14, 2004, the day Losapio filed his complaint.

Even assuming that the amount in controversy includes sums through July 14, 2004, which is far from clear, MetLife's calculations of the amounts that might be due for that period are entirely too speculative to establish the jurisdictional amount. MetLife basically assumes that, because plaintiff claimed $2,700 monthly residual disability payments for the period August 2003 through January 2004, plaintiff also seeks $2,700 monthly for the period from January 2004 through the July 14, 2004 filing of the complaint. MetLife thus multiplies $2,700 by 11½ months in order to reach $31,050, which exceeds the jurisdictional amount when trebled.

MetLife, however, fails to account for the type of insurance policy at issue here. Under the terms of the residual disability policy, the plaintiff is entitled to benefits only if his current monthly income is 80% less than his prior monthly income, as defined by the policy. The complaint contains no allegations regarding amounts due for the period from February 2004 through June 2004, and defendant has offered no independent evidence whatever to suggest that plaintiff would qualify for residual disability benefits for those months and, if he did qualify, what amounts he would be due. Absent some allegation by plaintiff that he would qualify for benefits for those months, defendant's prediction of $2,700 monthly damages is mere conjecture.

Accordingly, MetLife has not established by a preponderance of the evidence that the amount in controversy here exceeds $75,000. Because MetLife has not met its burden of

demonstrating that the amount in controversy exceeds the jurisdictional minimum, the Court must grant plaintiff's motion to remand, and defendant's motion to stay is therefore moot.

## Conclusion

For the reasons stated above, plaintiff's Motion to Remand is hereby GRANTED, and defendant's Motion to Stay is DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: December 8, 2004